# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Tel: +1 202 737 0500
Fax: +1 202 626 3737
www.kslaw.com

Ashley C. Parrish
Partner
Direct Dial: +1 202 626 2627
Direct Fax: +1 202 626 3737
aparrish@kslaw.com

October 16, 2024

VIA CM/ECF

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

  Re: *Khashoggi v. NSO Group Technologies Ltd.*, Nos. 23-2234(L) & 23-2241 — response to Appellant's notice of supplemental authority (ECF 53)

Dear Ms. Anowi:

  Pursuant to Rule 28(j), Appellees submit this response to Appellant's notice of authority regarding *Hasson v. FullStory, Inc.*, 114 F.4th 181 (3d Cir. 2024). Appellant appears to conflate the two appeals in *Hasson*. When read more carefully, that case supports affirmance here.

  *Hasson* decided two different appeals involving alleged wiretapping: (1) the FullStory appeal against "the company that *produced* the code that attached to [plaintiff's] browser," and (2) the Papa Johns appeal against "the company operating the website that *deployed* the code onto [plaintiff's] browser." 114 F.4th at 188. Like Fullstory (and unlike Papa Johns), NSO is alleged to have produced alleged spyware that third parties then allegedly deployed to access Appellant's phone.

  In resolving the FullStory appeal, the Third Circuit did not decide any issue relevant here. It held that Plaintiff failed to satisfy the *Calder* effects test, *id.* at 195-96—not at issue in this appeal—and remanded for the district court to address in the first instance the minimum-contacts analysis, *id.* at 197.

  Although Appellant cites from the Papa Johns appeal, the Third Circuit merely "assume[d]," without deciding, the cited proposition "that the alleged wiretapping occurred on browsers in Pennsylvania." *Id.* at 191. Even had the court decided the issue, it would not change that Appellant here "waived this argument" and, unlike in *Hasson*, "does not and cannot allege

October 16, 2024
Page 2

any facts establishing that her data *was* 'first captured and rerouted' in Virginia." Resp. Br. 29; *see id.* at 24-29.

      Appellant also omits the Third Circuit's actual analysis, which supports Appellees' arguments for reversal. The court "rejected the argument that [defendant] expressly targeted Pennsylvania simply because the data interception allegedly occurred in the forum." *Hasson*, 114 F.4th at 191; *see* Resp. Br. 28-32 (arguing same). And the court ultimately found no specific jurisdiction because, as here, there were no "facts regarding [the defendant's] efforts to specifically direct or connect *[forum residents]* to the alleged harm." *Hasson*, 114 F.4th at 194; *see* Resp. Br. 40-41 (arguing same).

                                                              Respectfully submitted,

                                                              /s/ *Ashley C. Parrish*
                                                              Ashley C. Parrish

                                                              *Counsel for Appellees-Cross-Appellants*

CC:    All counsel of record (via CM/ECF)