# King & Spalding

King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Tel: +1 202 737 0500
Fax: +1 202 626 3737
www.kslaw.com

Ashley C. Parrish
Partner
Direct Dial: +1 202 626 2627
Direct Fax: +1 202 626 3737
aparrish@kslaw.com

December 27, 2024

VIA CM/ECF

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      Re:    *Khashoggi v. NSO Group Technologies Ltd.*, Nos. 23-2234(L) & 23-2241 — response to Appellant's notice of supplemental authority (ECF 56)

Dear Ms. Anowi:

    Pursuant to Rule 28(j), Appellees submit this response to Appellant's notice of authority regarding the summary-judgment decision in *WhatsApp Inc. v. NSO Group Technologies Ltd.*, 2024 WL 5190365 (N.D. Cal. Dec. 20, 2024). *WhatsApp* was wrongly decided and not well reasoned, and that fact-bound district court decision is not binding or even persuasive authority in this Court. In any event, the decision does not support personal jurisdiction here.

    *WhatsApp* held that "the evidentiary record [in that case] supports the conclusion that defendants are subject to personal jurisdiction" in California because the "evidentiary record before the court … show[s] that defendants' Pegasus code was sent through [WhatsApp's] California-based servers." *Id.* at *3. As a result of "an evidentiary sanction," the court further "conclude[d] that [this] use of [WhatsApp's] California-based servers was a purposeful choice." *Id.* at *6. Neither holding helps Appellant here because *WhatsApp*'s case-specific factual findings are outside of Appellant's complaint and no sanctions have been imposed here from which a court might find purposeful direction.

    Appellant suggests *WhatsApp* supports her theory that jurisdiction is proper in Virginia because her devices were allegedly accessed in Virginia. But *WhatsApp* does not change that Appellant "waived this [theory]" and has failed to "allege any facts establishing that her data *was* 'first captured and rerouted' in Virginia." Resp. Br. 29; *see id.* at 24-29.

December 27, 2024
Page 2

      Appellant also wrongly suggests that *WhatsApp* "refute[s]" Appellees' claim that the Pegasus technology cannot be "'used against U.S. mobile phone numbers or devices within the geographic bounds of the United States.'" ECF 56 at 2 (quoting Resp. Br. 8). *WhatsApp* did not find that Pegasus was *used* in California; it found only that some messages containing Pegasus code "*passed through* the [California] servers," 2024 WL 5190365 at *6 (emphasis added)—on the way to accessing devices *in foreign countries* by "foreign government customers." *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 17 F.4th 930, 933-34 (9th Cir. 2021). As Appellees correctly explained, the Pegasus technology cannot be used in the United States. *See* Resp. Br. 8.

                                              Respectfully submitted,

                                              /s/ *Ashley C. Parrish*
                                              Ashley C. Parrish

                                              *Counsel for Appellees-Cross-Appellants*

CC:    All counsel of record (via CM/ECF)